SMITH, Supt. of Banks, Respondent, v. WENZLAFF et al, Appellants.

(220 N. W. 877.)

(File No. 6558. Opinion filed August 18, 1928.)

*Wanzer & Bandy,* of Armour, for Appellant.

*Roy E. Willy,* of Sioux Falls, and *E. E. Wagner,* of Mitchell, for Respondent.

BURCH, P. J.   This action is brought by the superintendent of banks to foreclose a mortgage claimed to be the property of the Bon Homme County Bank, an insolvent in the hands of the superintendent for liquidation.   Defendants Doris M. Wenzlaff and William Scholes answered, alleging that the note secured by the mortgage and the mortgage were without consideration and void, and that there was a material alteration in the mortgage.   Judgment for plaintiff, and Doris M. Wenzlaff appeals from the judgment and order overruling a motion for new trial.

For a proper understanding of the errors assigned, we state a few preliminary facts.   The Bon Homme County Bank is situated in Scotland, S. D.   It became insolvent, and went into the hands of the superintendent of banks for liquidation on the 8th of July, 1920.   Prior to that time, S. Henry Wenzlaff was its president, Solomon Wenzlaff its vice president, and August Reich its cashier.   Appellant, Doris M. Wenzlaff, was the wife of S. Henry Wenzlaff and daughter of Wm. Scholes.   Appellant and her husband occupied as their homestead lot 1 and E.½ of lot 2 in block 5, Stafford's Addition East to the city of Scotland, S. D.   On the 2d of June, 1920, S. Henry Wenzlaff signed a note payable to Scholes for $8,000, with interest at 6 per cent, due in one year. He and his wife signed a mortgage purporting to secure this note, describing their homestead as above set out, except no block number was mentioned in the mortgage.   As a part of her answer, appellant pleads that she signed the mortgage because her husband told her it was necessary for her protection.   The note was sent by mail, inclosed with two letters, to Scholes.   One letter was typewritten and closed with the words, "Thanks for the loan," and was evidently intended to convey the idea of a bona fide transaction if ever inspected in connection with the transmission of the note.   The other letter was marked "confidential," was in the handwriting of S. Henry Wenzlaff, and said:

"The mortgage within protects Doris. Please give her an assignment and do not record same or else give her a release of mortgage to hold. Destroy this letter."

Scholes testified he had no knowledge of the transaction until he received the note. The mortgage was sent to the register of deeds for record, with directions to him to mail to Scholes after recording. The register of deeds discovered the mortgage did not contain the block number, and returned it to the Bon Homme County Bank, where Reich received it and inserted in the mortgage "block five (5)," and returned it for record. It was recorded, and finally late in July reached Scholes through the dead letter office. In the meantime, in June, S. Henry Wenzlaff absconded. Scholes on his return from North Dakota, where he was when he received the note, met Solomon Wenzlaff, and was informed of what had happened in his absence. Afterwards Scholes indorsed the note without recourse and gave it to Solomon. Solomon took it to the bank on the 7th of July, took out some cash items consisting of checks and debit slips of S. Henry Wenzlaff, and put in the note, where it was received as part of the assets of the bank when the superintendent took charge. Some time later, July 20, Scholes executed a release of mortgage, and that was recorded with a deed of the homestead to appellant.

The judgment reforms the mortgage, and, as reformed, adjudges a foreclosure. In addition, personal judgment is rendered against S. Henry Wenzlaff for the amount of the note, although there was no personal service on him.

The assignments of error are argued under four headings; namely, alteration of mortgage, want of consideration, due course estoppel, and amendment of complaint.

The judgment cannot be sustained unless the transaction was bona fide.

It is plain from the evidence that there was no consideration from Scholes. He did not know of the transfer to him until he received the letters with note inclosed. One letter said, "Thanks for the loan," but no one contends a loan was made, and the court does not so find. The confidential letter disclosed the nature of the transaction, and showed it was intended as a fraudulent transfer to protect the wife. If because of the character of the property as a homestead the conveyance was not in fact fraudulent,

it was in fact without consideration, and Scholes later released it, never having claimed any right thereunder. No evidence shows the bank was a due course holder. It had full knowledge of the transaction. There is nothing to show the note was an accommodation note. Scholes asked for no accommodation, and accepted none. Apparently Solomon Wenzlaff, finding that Scholes did not wish to be mixed up in the transaction, saw an opportunity to get hold of the note and use it in removing some checks and debit slips of his son which might be damaging evidence against his son, who had absconded, in case of his apprehension. The evidence indicates that Solomon Wenzlaff was later prosecuted for the act of substituting the note for the checks and debit slips. The mortgage was without validity and intended as a fraudulent conveyance. As such it may be avoided by the creditors if it stands in their way or hinders the collection of their claims. But surely they cannot enforce it as valid. · No amount of fraud can render it valid. Fraud vitiates it.

The judgment and order appealed from are reversed.

SHERWOOD, POLLEY, and BROWN, JJ., concur.

CAMPBELL, J., not sitting.